## 20285. HARDEMAN *v.* SINCLAIR REFINING COMPANY
*et al.*

DECIDED APRIL 15, 1930.

*H. B. Moss,* for plaintiff.

*L. M. Blair, Alston, Alston, Foster & Moise,* for defendants.

LUKE, J. Frank Hardeman brought this action for slander against Sinclair Refining Company, J. F. McLarty and J. C. Prichard, alleging damage in the sum of $10,000. The exception here is to the judgments of the court sustaining the separate general demurrers of the defendants to the petition.

The petition alleges: that for a considerable time prior to March 11, 1929, plaintiff was employed by the Sinclair Refining Company as distributing agent and collector; that on said date he severed his connection with said company and accepted a similar position with the Southeastern Petroleum Corporation; that each of said corporations was engaged in the business of selling gasoline, kerosene, and lubricating oils; that each of said corporations did business on a cash basis, and that plaintiff worked for Sinclair Refining Company on a cash basis; that plaintiff was obliged to account at intervals in cash for all goods delivered, and that when he did not so account, the amount that had not been collected would stand as a charge against his salary or commission; that said goods were handled "on trust relations between plaintiff and said Sinclair Refining Company;" that immediately after plaintiff severed his relations with said company, it, its officers, agents and employees conspired to damage him so that he could not sell the products of the Southeastern Petroleum Corporation, and that to this end, J. C. Prichard, acting in the capacity of district superintendent of said Sinclair Refining Company, *"told J. F. McLarty that Frank Hardeman was short with said Sinclair Refining Company $1600, meaning that he had stolen that amount from said Sinclair Refining Company, thereby charging plaintiff with the offense of larceny, a*

*crime punishable by confinement in the penitentiary, which statement and charge was absolutely untrue,"* the truth being that said company was indebted to plaintiff in the sum of $655.20; that in furtherance of said plan and scheme to injure plaintiff, said company, through its agent, J. F. McLarty, *repeated said slander on a named date to one Otis W. Wood;* and that at about the same time said *McLarty repeated said slander to one A. J. Green.* The petition was amended by alleging: (1) that at the time said defamatory remarks were made by said McLarty and said Prichard, they were both agents and employees of said Sinclair Refining Company; (2) that said Sinclair Refining Company had conspired with said McLarty and said Prichard, and had authorized them to defame plaintiff as alleged; and that said defamatory remarks were known by all the defendants to be untrue when they were made.

In order to avoid repetition, we have italicised that part of the petition which alleges slander. Is legal slander alleged? We think not, and are quite certain that our conclusion is sustained by the well-considered opinion in the case of *Whitley* v. *Newman,* 9 *Ga. App.* 89 (70 S. E. 686). We shall not discuss at length the principles laid down in that decision. The facts of it are very similar to those of the case at bar. The third headnote reads as follows: "The statement that one is 'short' in his accounts does not necessarily impute to him the crime of larceny after trust, where, according to the true meaning of the statement and the language accompanying it, the offense would not be complete unless there had been a refusal to pay for or deliver the property which it might be inferred had been appropriated. The word 'short' does not of itself imply a crime. . ." The second headnote of this decision reads: "The office of an innuendo is merely to explain the ambiguity, where the precise meaning of terms employed in an alleged slanderous statement may require elucidation. The true scope and meaning of the statement can not be enlarged or restricted by innuendo."

Our conclusion is that the facts alleged in the case at bar do not constitute slander, and that the innuendo is a non sequitur. Therefore the court properly sustained the general demurrers and dismissed the case.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*