31683.   ANDERSON *v.* FUSSELL.

DECIDED SEPTEMBER 13, 1947.   REHEARING DENIED OCTOBER 29, 1947.

868

*Charles W. Anderson,* pro se.

*H. O. Hubert Jr.,* for defendant.

TOWNSEND, Judge. (After stating the foregoing facts.) ■ There is no law of force in this State which imposes upon the owner or operator of a restaurant the private or public duty of promptness or of any particular degree of courtesy in taking orders for, or serving food, to a customer. Although such owner or operator may owe to the public and his customers a moral duty as to courtesy and prompt service, there is no legal duty resting upon him in regard to such services. The plaintiff's petition did not allege any injury to his person or purse and no special damages were alleged, the plaintiff alleging that he was humiliated, embarrassed, held up to public disrepute, that he was sick and sore mentally and physically, and that he suffered great mental pain and anguish. The facts alleged did not show any physical injury

or damage, or any pecuniary loss, the words "sick and sore mentally and physically," being insufficient to allege any specific injury or suffering.

The law protects the person and the purse. The person includes the reputation. *Johnson* v. *Bradstreet Company*, 87 *Ga.* 79 (13 S. E. 250). The body, reputation, and property of the citizens are not to be invaded without responsibility in damages to the sufferer. *Chapman* v. *W. U. Tel. Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183). But outside these protected spheres, the law does not yet attempt to guard the peace of mind, or the happiness of every one by giving recovery of damages for mental anguish for a violation produced by a mere moral wrong. If the mental pain and anguish results from mere violation of a mere moral obligation, there can be no recovery. *Atkinson* v. *Bibb Manufacturing Company*, 50 *Ga. App.* 434 (178 S. E. 537); *Kitchens* v. *Williams*, 52 *Ga. App.* 422 (183 S. E. 345); *Clack* v. *Thomason*, supra.

A petition sounding in tort which fails to allege any actionable negligence and which fails to allege any physical injury to the person or any pecuniary loss, does not set forth a cause of action, and is subject to dismissal on general demurrer. Code, § 105-101; *Hendricks* v. *Jones*, *Clack* v. *Thomason*, supra.

■ The plaintiff in his amendment alleged that the words "you jumped on him" in effect and by implication tended to imply that the plaintiff had either committed a crime or a breach of the peace by some manner of assault or affray with the waiter. These allegations being in the disjunctive were insufficient to invoke the office of innuendo which might explain doubtful or ambiguous words. For a defamatory oral utterance to be slanderous as imputing a crime, the statement must not only be such as may convey to the auditor the impression that the crime in question is being charged, but it must be couched in such language as might reasonably be expected to convey that meaning to any one who happened to hear the utterance. *Whitley* v. *Newman*, 9 *Ga. App.* 89. The words "jumped on him" do not of themselves imply a crime, and since plaintiff did not aver by any proper allegations any meaning which would enlarge the words by innuendo, no cause of action was stated as to slanderous words imputing a crime. There were no allegations in the petition as to any injury to the plaintiff in his trade, office, or profession, and no contagious disorder or

debasing act was alleged, and since no special damages were alleged in the petition, the same does not set forth a cause of action for slander and was subject to dismissal on demurrer. Code, § 105-702, *Mell* v. *Edge, Whitley* v. *Newman,* supra.

The court did not err in sustaining the demurrers of the defendant and in dismissing the plaintiff's petition.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*