## 60532. SHERWOOD v. BOSHEARS.

POPE, Judge.

Appellant brought this action for libel against appellee attorney as the result of a letter written by appellee in which appellant was accused of "incompetence and mismanagement" in his management of a mobile home park. Appellee contended that the letter was a privileged communication and moved for summary judgment. Appellant brings this appeal from the trial court's grant of that motion. We affirm.

The record shows that appellee's client, Mrs. Grover, owned a tract of land upon which was located a mobile home park. She entered into a sales contract for sale of the land in October, 1978 with members of a "group" whereby the "group" was to purchase the property and provide a manager to operate and maintain the park. Appellant, a licensed real estate agent, was selected as the manager.

The sale was not completed within the 90-day time period set for closing and problems developed between Mrs. Grover and the "group." Additionally, Mrs. Grover, a resident of the mobile home park, became concerned over what she perceived as appellant's mismanagement of the park. Because of the perceived incompetence and alleged deterioration of the mobile home park under appellant's management, as well as her fear that the sale of the property would not close, Mrs. Grover sought to resume management of the park. In an effort to do so, she instructed her attorney, appellee Boshears, to draft a letter and send it to the attorney for the group of prospective purchasers, one Phillips. Mrs. Grover believed that appellant was a

member of the "group" and therefore communicated her intentions to Phillips, its attorney.

The letter, composed by appellee in May, 1979, stated that appellant's "incompetence and mismanagement [had] resulted in substantial damages to the property." Failure to maintain the sewer system and oxidation plant as well as allowing the operation of a junk yard on the property were cited as examples of this incompetence and mismanagement. The letter concluded by stating that Mrs. Grover felt that she had suffered substantial damages by reason of appellant's conduct and that she intended to resume active management of the property herself on June 1, 1979. Appellee contends that the letter was a privileged communication as a statement "made with the bona fide intent, on the part of the speaker, to protect his own interest in a matter where it is concerned." Code § 105-709 ¶ 3.

"A charge made against another in reference to his trade, office or profession, calculated to injure him therein, is actionable per se unless made under circumstances which constitute it a privileged communication, such as [the privilege claimed by appellee]. The burden is on the defendant to establish this defense." *Van Gundy v. Wilson,* 84 Ga. App. 429, 429-430 (66 SE2d 93) (1951). The communication in the present case is not an absolute privilege but is conditionally privileged because Georgia law allows recovery if the privilege is used as a cloak for the venting of the private malice. Code § 105-710. "Although the burden is on the plaintiff at trial to prove actual malice, this is on motion for summary judgment and the movant defendant is obligated to 'affirmatively negative the claim of the [plaintiff] and show [he is] not entitled to recover under any theory of the case...' " *Morton v. Gardner,* 155 Ga. App. 600, 604 (271 SE2d 733) (1980).

On a motion for summary judgment in an action for libel, a movant defendant must negate a plaintiff's claim of actual malice by establishing that he lacked " 'knowledge that (the defamatory matter) was false or [did not publish it] with reckless disregard as to whether it was false or not.' New York Times v. Sullivan, 376 U. S. 254, 280 [84 SC 710, 11 LE2d 686 (1963)]." *Morton v. Gardner,* supra at 605. "To make the defense of privilege complete . . . good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear." *Sheftall v. Central of Ga. R. Co.,* 123 Ga. 589 (5) (51 SE 646) (1905).

In addition to the pleadings, appellee supported his motion for summary judgment with his affidavit and the deposition of Mrs. Grover. Appellee disclaimed any malice in sending the letter. He asserted that he sent the letter pursuant to his client's instructions;

that his purpose in sending the letter was to fulfill his professional obligation to his client and to protect her interest; that he was not acquainted with appellant, had never met appellant personally and had no knowledge of appellant other than the information he received from his client and other residents of the park; that the letter was sent in anticipation of subsequent litigation; and that the letter was sent to one held out to be appellant's agent. Mrs. Grover's deposition supported these assertions.

"An attorney can claim the privilege to which his client is entitled." Kenny v. Cleary, 47 A.D.2d 531, 532 (363 NYS2d 606) (1975). Accord, *Holmes v. Clisby,* 121 Ga. 241 (48 SE 934) (1904). Therefore, appellee carried his burden of establishing a prima facie claim of privilege and a lack of "actual malice."

In opposition to the motion for summary judgment, appellant submitted the deposition of appellee Boshears, the affidavit of one Brazell (a member of the "group"), as well as his own affidavit. Appellant asserted that he was not a member of the "group" at the time the letter was sent and that Phillips had never been held out to be his agent. He also stated that in sending the letter appellee "did not act with a bona fide intent to protect Mrs. Grover's interest, but acted with ill will and malice towards me." Brazell averred in his affidavit that appellee "had shown his personal ill will towards the group of investors who were purchasing the mobile home park" including appellant. Appellee's deposition disclosed no evidence of actual malice.

Pretermitting the question of whether Phillips was actually appellant's agent, the evidence submitted by appellant related no facts or circumstances showing actual malice. "Conclusory allegations by the plaintiff of conspiracy, malice, and defamation are insufficient — in the absence of substantiating fact or circumstances [—] to raise a material issue for trial. '(I)t is the duty of each party at the hearing on the motion for summary judgment to present his case in full.' *Summer-Minter & Assoc. v. Giodano,* 231 Ga. 601, 604 (203 SE2d 173) [1974]. 'There having been clearly shown a want of actual malice, the pleadings of [appellant] were pierced and the lack of a right of recovery was disclosed. [Appellant] filed no . . . evidence showing malice and in the absence thereof summary judgment was justified. [Cits.]' " *Morton v. Stewart,* 153 Ga. App. 636, 643 (266 SE2d 230) (1980).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 17, 1981.

*Roger B. Lane,* for appellant.

*Wallace D. Harrell,* for appellee.