## 62771. DILLARD v. FUSSELL et al.

QUILLIAN, Chief Judge.

The plaintiff, Julie Dillard, by next friend, James Dillard, brought this action against Donald Fussell, in his capacity as Principal of Central High School, and the other defendants as Superintendent and members of the Carroll County School Board. The complaint alleged that Fussell wrongfully suspended the plaintiff Julie Dillard from school for a period of three days and that this suspension was upheld by the other defendants even though they knew the suspension was in error. The complaint sought the recovery of monetary damages, remedial action pertaining to Julie Dillard's grades and an apology from the defendant.

The defendants filed an answer, including a counterclaim, and a motion to dismiss. Pursuant to a hearing, briefs were filed by both sides and defendant submitted an affidavit by Donald Fussell. The trial judge entered an order recognizing that the motion to dismiss had been converted into a motion for summary judgment. See Code Ann. § 81A-112 (c) (CPA § 12 (c); Ga. L. 1966, pp. 609, 622; as amended through Ga. L. 1972, pp. 689, 692, 693). The plaintiffs then filed an affidavit by James Dillard.

After consideration of the briefs and affidavits, the trial court granted the motion for summary judgment of the defendants and dismissed the complaint. Plaintiffs then appealed. *Held:*

Goss v. Lopez, 419 U. S. 565, 581 (95 SC 729, 42 LE2d 725) sets forth the principles relative to a student's constitutional rights: "Students facing temporary suspension have interests qualifying for protection of the due process clause and due process requires, in connection with a suspension of ten days or less, that the student be given oral or written notice of charges against him and, if he denies

them, an explanation of the evidence the authorities have and an opportunity to present his side of the story. The clause requires at least these rudimentary precautions against unfair or mistaken findings of misconduct and arbitrary exclusion from school."

*Hennessy v. Webb,* 245 Ga. 329, 330 (264 SE2d 878) citing with approval *Partain v. Maddox,* 131 Ga. App. 778, 781 (206 SE2d 618), enunciates the rules regarding school officials and sovereign immunity: "It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that 'where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption.' These discretionary acts ' . . . lie midway between judicial and ministerial ones. The name of the public officer or officers is immaterial, and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability.' "

Here there is no basis to proceed against the defendants in their official capacities as agents of the Carroll County School System. *Holloway v. Dougherty County School System,* 157 Ga. App. 251, 253 (277 SE2d 251). Furthermore, the defendant Fussell by affidavit established that he met the minimum requirements of Goss v. Lopez, supra, and that he did not act without the scope of his authority or wilfully, corruptly or maliciously. This eliminated all genuine issues of material fact and placed the burden on the plaintiff to come forward with proof. The plaintiff's affidavit at most tended to show the defendant Fussell's decision was hurried and erroneous but did not raise the elements vital to plaintiff's claim. Hence, it was not error to grant the motion for summary judgment in favor of the defendants.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 13, 1981.

*Douglas C. Vassy,* for appellant.
*J. Thomas Vance,* for appellees.