### 63664. MEWBOURN v. HARRIS et al.

BANKE, Judge.

The appellant brought this action against Nationwide Papers, Inc., and two other defendants to recover damages for invasion of privacy, interference with his employment contract, libel, and slander. This appeal is from the grant of summary judgment to Nationwide. The following evidence is undisputed. Nationwide, concerned over thefts at its Atlanta facility, employed a security agency to conduct an investigation. During the investigation, one of Nationwide's salesmen admitted his participation in thefts. He gave

a written statement in which he named the appellant, an employee of Associated Grocers, Inc., as a participant in the thefts. Associated Grocers is a customer of Nationwide Papers. Nationwide terminated the employment of its employee and provided his statement, without recommendation, to the corporate officers of Associated Grocers. As a result, the appellant's employment was terminated. Nationwide contends that the communication was privileged and thus cannot be made the basis for a libel recovery. The appellant contends that because Associated Grocers is a valued customer of Nationwide, a jury would be authorized to find that Nationwide's disclosure was not in good faith but was motivated by a desire to ingratiate itself with its customer. He enumerates as error the judgment of the trial court only insofar as it pertains to the counts of libel and slander. *Held:*

"The following are deemed privileged communications: (1) Statements made bona fide in the performance of a public duty; (2) Similar statements in the performance of a private duty; either legal or moral; (3) Statements made with the bona fide intent, on the part of the speaker, to protect his own interest in a matter where it is concerned . . ." Code § 105-709. "To make the defense of privilege complete, . . . good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear." *Land v. Delta Airlines, Inc.,* 147 Ga. App. 738 (5) (250 SE2d 188) (1978).

Nationwide supported its motion for summary judgment with the affidavits of corporate officers denying that they had acted in bad faith or with malice. The appellee's duty as well as its interest clearly appear. Conclusory allegations are insufficient to create a material issue of fact in response to a motion for summary judgment. *Summer-Minter & Assoc., Inc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) (1974). The grant of summary judgment was authorized by the record.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 12, 1982.

*Guy C. Michaud, Michael Welch,* for appellant.
*G. Michael Banick, Thomas C. Jones, George S. Stern, Lowell S. Fine,* for appellees.