## 65748. MURRAY v. WILLIAMS et al.

McMURRAY, Presiding Judge.
For the purpose of reviewing the grant of summary judgment in this case, the following facts are accepted as true: In 1981, plaintiff Murray was a member of the Board of Directors of the Metropolitan Rapid Transit Authority (MARTA). On June 25, 1981, an article was written by Dick Williams, an editorial columnist for the *Atlanta Journal,* a newspaper owned and published by Cox Enterprises, Inc. Again, on December 17, 1981, another article by Mr. Williams was published in the *Atlanta Journal.* Both of these articles referred to the activities of the Board of Directors of MARTA. These articles as they apply here were as follows: "Board member Murray, who usually plays at MARTA from somewhere in the bleachers, proposed that board members serve without compensation, an item worth savings

of all of $70,000, and he urged dropping some club memberships. Murray was sort of a fly on the fetlock." The other article with reference to the chairman of MARTA, a public figure, was as follows: "Part of the blame for the division lies with [the chairman], who is mercurial in personality and doesn't suffer fools gladly. The latter trait explains the opposition to him from . . . Murray . . . [and other MARTA board members named] . . . "

The case sub judice is based on a suit for libel brought by plaintiff Murray against Dick Williams and his employer Cox Enterprises, Inc., as the owner and publisher of the *Atlanta Journal,* arising out of the above two articles. Plaintiff alleged that the two articles constituted "a false, scandalous, malicious and defamatory libel of the plaintiff" and "that the contents of said articles are libelous per se under the laws of the State of Georgia and import damage to the plaintiff."

The defendants answered, in substance, denying the claim of libel but admitting the publishing of the articles (editorials) written by Williams with reference to the activities of MARTA but the publishing of same was not false or malicious libel.

After discovery, the trial court set forth in its order, granting defendants' motion for summary judgment, its findings of fact and conclusions of law holding therein that the articles were published about Murray, as a member of the Board of MARTA. Then citing New York Times Co. v. Sullivan, 376 U. S. 254, 279 (84 SC 710, 11 LE2d 686) the court held that the plaintiff was a public official as therein defined, or at least a public figure, and the existence of actual malice must be shown with convincing clarity, and same must be shown by actual knowledge of the falsity or with reckless disregard of whether they were true or false. The court then held that upon reviewing the evidence on summary judgment, there was no evidence of the existence of actual malice by defendants as each of the written statements discussed the plaintiff only with reference to his official capacity as a board member of MARTA. The court further held that even if Williams failed to fully investigate the facts of his articles this did not establish reckless disregard for the truth, and the evidence in the case sub judice did not show that the defendants acted with a high degree of awareness of the probable falsity of the articles.

While the defendants contended that the written statements were composed of Williams' opinions and same were not actionable, the court did not address these issues but granted summary judgment because the plaintiff failed to show the defendants made the statements with knowledge of the falsity or with reckless disregard of whether they were true or false. The plaintiff appeals contending that genuine issues of material fact remain for a presentation to a

jury. *Held:*

First of all, the articles had reference to the plaintiff as a board member of MARTA, and he is a public official in serving in this capacity; hence he may recover for defamation only upon a showing of actual malice. See New York Times Co. v. Sullivan, 376 U. S. 254, 279-280, supra; Rosenblatt v. Baer, 383 U. S. 75, 84-86 (86 SC 669, 15 LE2d 597); *Morton v. Stewart,* 153 Ga. App. 636, 638-640 (1) (266 SE2d 230); *Hemenway v. Blanchard,* 163 Ga. App. 668, 671-672 (2) (294 SE2d 603). Indeed, part of the articles are privileged communications. See OCGA § 51-5-7 (formerly Code §§ 105-704, 105-709).

The defendants have denied any libel and have offered proof that they had no knowledge that the statements were false or that they had any reckless disregard of the truth or that there were any serious doubts as to the truth of the publication. The burden of proof shifted to the plaintiff to show there was actual malice. See Rosenbloom v. Metromedia, 403 U. S. 29, 30-31 (91 SC 1811, 29 LE2d 296); *Cox Broadcasting Corp. v. Cohn,* 231 Ga. 60 (200 SE2d 127); s.c., 420 U. S. 469 (95 SC 1029, 43 LE2d 328). Compare Wolston v. Reader's Digest Assn., 443 U. S. 157, 160, 167 (99 SC 2701, 61 LE2d 450). The defendants having proved that there did not exist actual malice in the writing of these editorials, the burden was then cast upon the plaintiff to come forward with proof that the statements were made with knowledge that the statements were false or with reckless disregard of whether they were false or not. Accordingly, the grant of summary judgment was proper. See *Savannah News-Press v. Whetsell,* 149 Ga. App. 233, 236-238 (3, 4) (254 SE2d 151); *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 64 (230 SE2d 45) and cases cited therein. The pleadings having been pierced, the plaintiff was required to come forward with some evidence of actual malice in order to create an issue for jury determination.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 10, 1983.

*William A. Dinges,* for appellant.
*David J. Bailey, Albert G. Norman, Jr., Elizabeth G. Crosby,* for appellees.