## 67376. MEYER v. LEDFORD et al.

CARLEY, Judge.

Appellant, a firefighter with the Columbus, Georgia, Fire Department, instituted the instant action for libel and slander, invasion of privacy, and deprivation of her civil rights, naming as defendants the City of Columbus, Georgia, and three individual Columbus officials. The trial court granted summary judgment in favor of all defendants as to all counts of the complaint. Appellant appeals.

Appellant's lawsuit arose out of an administrative action, the purpose of which was to discipline and demote Jefferson Amerson, who was then First Assistant Chief of the Columbus Fire Department. During the course of the departmental investigation of Amerson, several persons gave written statements regarding his conduct. These written statements were orally reiterated during testimony before the Personnel Review Board at two hearings held to review the disciplinary action taken against Amerson. Some of the statements concerned the presence of Amerson and appellant at a local night club, and other statements related to the conduct of appellant and Amerson at a Georgia State Firemen's Association convention held on Jekyll Island. In appellant's view, these statements implied that appellant, who was married, engaged in sexual misconduct with Amerson, who was also married.

1. With regard to the libel and slander count, appellant contends that the written statements and the oral testimony relating thereto falsely charged her with the crime of adultery. Therefore, appellant maintains, she is entitled to a recovery against appellees without any showing of special damages. OCGA § 51-5-4 (a) (1).

An examination of the record reveals that appellant has admitted her presence with Amerson at a Columbus night club, her drinking and dancing with Amerson at the firemen's convention, and her being in his company during most of their visit to Jekyll Island. Accordingly, none of the written or oral remarks about these particular ac-

tivities can support appellant's libel and slander claims. See *Bennett v. Wilkes Publishing Co.*, 147 Ga. App. 508 (249 SE2d 321) (1978); *Kaufman v. Atlanta Lawn Tennis Assn.*, 150 Ga. App. 315 (257 SE2d 383) (1979).

Two of the written statements, one of which was reiterated during oral testimony, refer to Amerson's and appellant's being "hugged up with each other" or "wrapped up with each other" in public at the convention. Whether considered with or without innuendo, these words do not rise to the level of imputing the crime of adultery to appellant. OCGA § 16-6-19 provides that "[a] married person commits the offense of adultery when he [or she] voluntarily has sexual intercourse with a person other than his [or her] spouse . . ." The statements in question do not imply that appellant and Amerson engaged in such conduct. See Southard v. Forbes, Inc., 588 F2d 140 (1979); *Anderson v. Fussell*, 75 Ga. App. 866 (44 SE2d 694) (1947); *Christian v. Ransom*, 52 Ga. App. 218 (183 SE 89) (1935); *Hardeman v. Sinclair Refining Co.*, 41 Ga. App. 315 (152 SE 854) (1930). See also *Garland v. State*, 211 Ga. 44 (84 SE2d 9) (1954). At most, these statements constitute "disparaging words" which are actionable only where special damage is incurred. OCGA § 51-5-4 (b). Appellant, however, has shown no special damage. She remains employed by the Fire Department and has received all raises due her. The expense resulting from her voluntary act of hiring an attorney when she was subpoenaed by Amerson as a witness at his Personnel Review Board hearings cannot properly be considered an item of special damages as contemplated by OCGA §§ 51-5-4 and 51-12-2, since such expense does not actually flow from appellees' allegedly tortious acts toward appellant. See *Davis v. Gen. Fin. &c. Corp.*, 80 Ga. App. 708 (57 SE2d 225) (1950); *Mell v. Edge*, 68 Ga. App. 314 (22 SE2d 738) (1942). Compare Hood v. Dun & Bradstreet, Inc., 486 F2d 25 (1973). Additionally, although appellant alleged that she was not hired for a part-time job for which she applied, she has offered no evidence that her failure to obtain that position was a result of appellees' alleged defamation of her. *Mell v. Edge*, supra.

There remains only the statement of appellee Watson, which provides, in pertinent part: "Chief Amerson reported to me that he and his wife were having [marital] problems concerning his involvement with Mrs. Denise Meyer . . . He said that rumors had been started that he and Denise [Meyer] were involved with one another . . ." This statement, unlike those discussed above, might reasonably be interpreted in its overall context to impute the crime of adultery to appellant, and thus could be actionable without a showing of special damages. However, assuming without deciding that Watson's statement was published, it was privileged under OCGA § 51-5-7. " 'To make the defense of privilege complete, . . . good faith, an interest to

be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear.' [Cit.]" *Mewbourn v. Harris*, 162 Ga. App. 102, 103 (290 SE2d 315) (1982). Appellees herein have made such a showing with regard to the statement of appellee Watson. The statement was given at the request of Watson's superior officer in the course of an official investigation concerning improper conduct by a Fire Department official. See *Goolsby v. Wilson*, 146 Ga. App. 288 (246 SE2d 371) (1978); *McKinnon v. Trivett*, 136 Ga. App. 59 (220 SE2d 63) (1975).

Appellant contends, however, that the cloak of privilege has been abrogated by appellees' malice. OCGA § 51-5-9. "On a motion for summary judgment in an action for libel, a movant defendant must negate a plaintiff's claim of actual malice by establishing that he lacked ' "knowledge that (the defamatory matter) was false or [did not publish it] with reckless disregard as to whether it was false or not." New York Times v. Sullivan, 376 U. S. 254, 280 [84 SC 710, 11 LE2d 686 (1963)].' [Cit.]" *Sherwood v. Boshears*, 157 Ga. App. 542, 543 (278 SE2d 124) (1981). In the instant case, Watson testified that the information contained in his statement was an accurate reflection of what Amerson told him. Moreover, the three individual appellees each submitted an affidavit indicating that he acted properly in the course of his duties and without malice toward appellant. This evidence eliminated any genuine issue of material fact in this regard and placed the burden on appellant to come forward with a showing of malice. Appellant having failed to make such a showing, summary judgment against her was proper. *Mewbourn v. Harris,* supra; *Sherwood v. Boshears,* supra; *Dillard v. Fussell,* 160 Ga. App. 382 (287 SE2d 96) (1981).

2. Appellant also enumerates as error the grant of summary judgment in favor of appellees on her claim of invasion of privacy. It is true that Georgia law protects against " '. . . the publicizing of one's private affairs with which the public [has] no legitimate concern.' [Cits.]" *Gouldman-Taber Pontiac v. Zerbst*, 213 Ga. 682, 683 (100 SE2d 881) (1957). "The right of privacy, protectable in tort, however, extends only to unnecessary public scrutiny. [Cits.] It does not protect legitimate inquiry into the operation of a government institution and those employed by it." *Athens Observer, Inc. v. Anderson*, 245 Ga. 63, 65 (263 SE2d 128) (1980). The investigation into the alleged misconduct of Amerson, First Assistant Fire Chief, was a legitimate governmental function. "[W]here an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy." *Waters v. Fleetwood*, 212 Ga. 161, 167 (91 SE2d 344) (1956). By virtue of her relationship with Amerson, appellant became a participant, whether willingly or not, in a matter of legitimate public in-

terest. Even though the target of the investigation was Amerson, rather than appellant herself, there was no actionable invasion of privacy as a result of the publication of her name in connection therewith. *Reece v. Grissom*, 154 Ga. App. 194 (267 SE2d 839) (1980). There was no error in granting summary judgment as to this claim.

3. The trial court also granted summary judgment in favor of appellees on appellant's civil rights claim brought pursuant to 42 USC § 1983. While the state action necessary to support such a claim may exist in the instant case, the requisite deprivation of a federally protected right does not. Defamation is not sufficient in itself to establish a claim cognizable under 42 USC § 1983. Paul v. Davis, 424 U. S. 693 (96 SC 1155, 47 LE2d 405) (1976). "[I]njury to reputation alone, apart from some more tangible harm to interests such as employment opportunities, does not implicate any 'liberty' or 'property' interests sufficient to invoke the due process protection guaranteed by the [Fifth and the] Fourteenth Amendment[s] . . . Paul v. Davis, [supra]." Sadiqq v. Bramlett, 559 FSupp. 362, 365 (1983). As discussed in Division 1, supra, appellant herein has suffered no special damages. Nor has she shown any violation of a federally protected right or interest. See generally Hardiman v. Jefferson County Bd. of Education, 709 F2d 635 (1983). Her claims regarding infringement of freedom of association are not supported by the record, and her claim that the alleged defamation itself constitutes discrimination on the basis of her sex is also unsubstantiated. Her assertion as to a federal right of privacy has previously been determined adversely to her. Paul v. Davis, supra. In short, appellant has not sustained her civil rights claim, and the grant of summary judgment thereon was not erroneous.

4. Appellant further enumerates as error the trial court's refusal to allow her to depose lead counsel for appellees. The defense attorney maintained that any information he possessed constituted either work product or trial preparation materials, and thus was not subject to discovery. Since appellant made no showing of substantial need or undue hardship, we cannot say that the trial court abused its broad discretion by granting the attorney's motion to quash the subpoena. See *Ga. Intl. Life Ins. Co. v. Boney*, 139 Ga. App. 575 (228 SE2d 731) (1976).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 29, 1984 —
REHEARING DENIED MARCH 13, 1984

*Carlton M. Henson*, for appellant.
*Joseph L. Waldrep*, for appellees.