68148. FISKE et al. v. STOCKTON et al.

CARLEY, Judge.

Appellee Stockton is the District Attorney of the Mountain Judicial Circuit and appellee York is the Sheriff of Rabun County. Appellees instituted the instant libel action against appellants based upon two allegedly defamatory publications which were attributed to appellant Fiske. Appellants moved for summary judgment, but their motion was denied. The trial court certified its order for immediate review, and this court granted appellants' application for an interlocutory appeal.

The first libel count is based upon certain statements which appeared in a newsletter that was composed by appellant Fiske and sent to the members of the Kingwood resort facility. Fiske, who was the managing partner of Kingwood, prepared the newsletter to explain certain changes in the services offered by the facility. The paragraph of which appellees complain is a discussion of the service of liquor at Kingwood, which is located in dry Rabun County. That paragraph states that the Kingwood management had received "various threats" with regard to the serving of liquor, and that "this harassment was instituted by persons who for their own selfish reasons wish to see Kingwood fail." The letter further states that "[i]t is common knowledge that various other entities in Rabun County serve liquor illegally and are not harassed as Kingwood has been."

The second libel count arises from an article which appeared in The Atlanta Journal-The Atlanta Constitution. The article concerns a

lawsuit filed in federal court by appellant Fiske against appellee Stockton. The allegations of that complaint are described in the news report, and the history of the Kingwood facility is discussed. The allegedly defamatory newsletter is also mentioned. The reporter who wrote the article interviewed Fiske prior to its publication, and certain statements contained therein are attributed to Fiske and to his attorney.

At the outset of our consideration of the libel allegations, we note that appellees are public officials. Appellees contend that the writings in issue defame them with respect to their performance in their official capacities. Hence, appellees may recover for defamation only upon a showing that the materials were published with actual malice. *Murray v. Williams*, 166 Ga. App. 865 (305 SE2d 502) (1983); *Morton v. Stewart*, 153 Ga. App. 636 (266 SE2d 230) (1980).

1. Appellants contend that the issue of malice need not be reached with regard to the newsletter upon which the first libel count is based. Appellants' position is that the letter is not defamatory of appellees. The paragraph concerning liquor sales is couched in general terms, and appellees are not mentioned by name.

To sustain an action for libel, " '[t]he [allegedly] defamatory words must refer to some ascertained or ascertainable person, and that person must be the plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory. An innuendo can not make the person certain which was uncertain before.' Where the words of the alleged libelous matter are so vague and uncertain that they could not have been intended to refer to any particular person, or the published words are incapable of any other construction other than [that] they are not defamatory of the plaintiff, the petition is subject to [dismissal]. [Cits.] 'A publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it. So the whole item . . . should be read and construed together, and its meaning and signification thus determined. When thus read, if its meaning is so unambiguous as to reasonably bear but one interpretation, it is for the judge to say whether that signification is defamatory or not. If upon the other hand, it is capable of two meanings, one of which would be libelous and actionable and the other not, it is for the jury to say, under all the circumstances surrounding its publication, including extraneous facts admissible in evidence, which of the two meanings would be attributed to it by those to whom it is addressed or by whom it may be read.' " *Ledger-Enquirer Co. v. Brown*, 214 Ga. 422, 423-424 (105 SE2d 229) (1958).

In the case at bar, "the words used really contain no reflection on any particular individual." Construing the paragraph as a whole, its only reasonable interpretation is that Kingwood has been subjected to

harassment with regard to the serving of liquor, while other entities have not. There is nothing whatsoever to suggest that appellees participated in such harassment. Since the language is incapable of any reasonable construction which is defamatory of appellees, innuendo cannot be employed to make it so. Thus, the affidavits of two witnesses who swore that they "knew" that the newsletter referred to appellees are not sufficient to create a jury issue as to whether the publication referred to appellees. We find that, as a matter of law, the newsletter is not defamatory of appellees. See *Ledger-Enquirer Co. v. Brown*, supra; *Constitution Publishing Co. v. Leathers*, 48 Ga. App. 429 (172 SE 923) (1933). Compare *Colvard v. Black*, 110 Ga. 642 (36 SE 80) (1900); *Holmes v. Clisby*, 118 Ga. 820 (45 SE 684) (1903).

2. As to the newspaper article which is the subject of the second libel count, appellants maintain that its publication was privileged. OCGA § 51-5-8 affords an absolute privilege to allegations contained in pleadings filed in court. That statute is construed in pari materia with OCGA § 51-5-7, which affords a conditional privilege to, among other publications, fair and honest reports of court proceedings and comments upon the acts of public persons with reference to their public capacities. See *Shiver v. Valdosta Press*, 82 Ga. App. 406 (61 SE2d 221) (1950); *Finish Allatoona's Interstate Right, Inc. v. Burruss*, 131 Ga. App. 572 (206 SE2d 679) (1974). However, the conditional privilege which protects newspaper reports such as the one currently under consideration "disappears in the face of 'actual malice.' " *Morton v. Stewart*, supra at 638. See OCGA § 51-5-9. Thus, appellants were required to establish an absence of actual malice in order to prevail on their motion for summary judgment.

3. The actual malice standard was propounded by the Supreme Court in New York Times v. Sullivan, 376 U. S. 254 (84 SC 710, 11 LE2d 686) (1964). " 'Malice' in the New York Times' context is not the intentional doing of a wrongful act without cause or excuse, and with intent to inflict injury but instead, what is required is 'clear and convincing proof that a defamatory falsehood alleged as libel was uttered with "knowledge that it was false or with reckless disregard of whether it was false or not." ' [Cit.] 'Factual error, content defamatory of official reputation, or both, are insufficient to warrant an award of damages for false statements unless "actual malice" — knowledge that statements are false or in reckless disregard of the truth — is alleged and proved.' [Cit.] 'In order that it can be found that a defendant, within the meaning of New York Times, acted in "reckless disregard" of whether a defamatory statement which he made about a public [figure] is false or not, there must be sufficient evidence to permit the conclusion that the defendant had serious doubts as to the truth of his publication.' [Cit.] The Supreme Court, in Gertz [v. Robert Welch, Inc., 418 U. S. 323 (94 SC 2997, 41 LE2d

789) (1974)] and St. Amant [v. Thompson, 390 U. S. 727 (88 SC 1323, 20 LE2d 262) (1968)] emphasized a necessity 'for a showing that a false publication was made with a "high degree of awareness of . . . probable falsity." ' [Cit.]" *Hemenway v. Blanchard,* 163 Ga. App. 668, 671-672 (294 SE2d 603) (1982).

In the instant case, appellant Fiske swore by affidavit that at the time he published the newsletter and at the time he made his remarks and responses to the reporter who wrote the news article, he believed that his statements were true. He further swore that he had a substantial basis for that belief, and that he did not entertain any serious doubts that the statements might be false. While it is true that a defendant in a defamation suit is not expected to admit his own malice, St. Amant v. Thompson, supra, appellants herein presented evidence to substantiate their position that no malice existed. Appellants showed that they had received several anonymous telephone calls conveying threats to raid Kingwood for violating local liquor laws. These calls, along with certain acts of vandalism, occurred after a serious disagreement arose between appellant Fiske and appellee Stockton. No such incidents had occurred prior to that time. There was further evidence that appellee Stockton stated that as long as Fiske was operating Kingwood, things would never work. Additionally, several witnesses, including appellee Stockton, confirmed that it was common knowledge that liquor was being sold illegally at various places in Rabun County. Appellees' own depositions established that liquor laws were not enforced uniformly, inasmuch as local law enforcement agents were known to local businessmen, and some proprietors were more wily than others. Appellee York even admitted that he did not act on all information or complaints of liquor violations received by him. There was no showing that any establishments other than Kingwood had been subjected to threatening phone calls or to any other form of harassment.

By the foregoing evidence, appellants "offered proof that they had no knowledge that the statements [at issue] were false[,] or that they had any reckless disregard of the truth[,] or that there were any serious doubts as to the truth of the publication[s]. The burden of proof [then] shifted to [appellees] to show there was actual malice. [Cits.]" *Murray v. Williams,* supra at 867.

Appellees failed to carry this burden. Although they produced evidence showing that Fiske had a low opinion of Stockton, and that there was ill will between the two men, evidence of those facts does not indicate that the allegedly defamatory remarks were published with knowing or reckless disregard of the truth. "The question of malice turns upon the [writer's] awareness of falsity or a reckless disregard for the truth. The [writer's] motives, though malicious in the statutory or common law sense; what a reasonable man in the same

circumstances may have [written]; and the lack of or inadequacy of prior investigation; all are inapplicable to the question of actual malice in the constitutional sense as to defamation of a public figure." *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 58 (230 SE2d 45) (1976).

As to the substance of appellant Fiske's statements, each appellee swore that he himself had not made any threatening calls to appellants. However, neither had any knowledge of whether anyone else had done so. Both appellees were aware of various acts of vandalism which had been committed against appellants. In sum, appellees admitted the truth of some of the remarks at issue. With regard to the remaining statements, appellees did not establish that appellants entertained any serious doubt as to their truth.

"Viewing all the evidence most favorably to [appellees], it is clear that while this evidence [may be] sufficient to create an issue on the question of knowledge [of falsity], it falls short of establishing clear and convincing proof of actual malice on the part of [appellants.]" *Savannah News-Press v. Whetsell*, 149 Ga. App. 233, 237 (254 SE2d 151) (1979). See also *Sigman v. Gove*, 169 Ga. App. 580 (314 SE2d 238) (1984). " ' "[S]ummary judgment, rather than trial on the merits, is a proper vehicle for affording constitutional protection," where there is no substantive basis for a finding of "knowing falsity or reckless disregard [of the truth]." ' [Cits.]" *Williams v. Trust Co. of Ga.*, supra at 59. Accordingly, the trial court erred in denying appellants' motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984 —
REHEARING DENIED JULY 12, 1984 — 

*Steven P. Gilliam, Timothy P. Healy, Charles S. Wynne*, for appellants.

*John M. Brown, Dennis T. Cathey*, for appellees.