69263. CLAYTON et al. v. MACON TELEGRAPH
PUBLISHING COMPANY.
(326 SE2d 789)

BENHAM, Judge.

Appellants instituted the instant libel action after appellee published a front-page newspaper story on street corner drug transactions and accompanied the story with a photograph depicting a specified street intersection as well as an identifiable portion of appellants' home, which was located across the street from one of the street corners that was the subject of the article. The caption of the picture read: "Street-corner drug sales reportedly made at Poppy Avenue, Bluebell Street." In their complaint appellants alleged that the inclusion of the photograph imputed to appellants participation in illegal drug transactions, and that the average reader of the newspaper understood the photograph to be an accusation that appellants were involved in drug trafficking. This appeal is from the trial court's grant of summary judgment to appellee.

Pretermitting a discussion of whether the article and photograph constituted libel per se or libel by innuendo, we turn our attention to appellee's assertion that the publication was a privileged communication under OCGA § 51-5-7 (7). That section provides a cloak of privilege for "[t]ruthful reports of information received from any arresting officer or police authorities . . ." The reporter who wrote the story executed an affidavit in which he stated that the article and caption in question were based on reports of information received from a police undercover officer, the chief of police, a police lieutenant, and a detective involved in the drug investigation. Each of these police officers and officials also executed affidavits in which he or she stated that all quotes or references in the article to his or her involvement in the investigation were a true and accurate report of the information

the affiant gave the reporter.

The protective privileges afforded by OCGA § 51-5-7 are conditional and disappear in the face of actual malice. OCGA § 51-5-9; *Fiske v. Stockton*, 171 Ga. App. 601 (2) (320 SE2d 590) (1984). Although the burden is on the plaintiff at trial to prove actual malice, when a defendant moves for summary judgment, it "must negate a plaintiff's claim of actual malice by establishing that [it] lacked 'knowledge that [the defamatory matter] was false or [did not publish it] with reckless disregard as to whether it was false or not.' [Cits.]" *Sherwood v. Boshears*, 157 Ga. App. 542, 543 (278 SE2d 124) (1981). In his affidavit the author of the article stated that he had never heard of appellants before they complained about the article and photograph; that he had never had any hostility or animosity toward appellants at any time; that he had never borne them any malice of any kind; that he had not known the identity of the occupants of the house partially shown in the photo at the time he wrote the article; and that the article was not written with any thought that it could do harm to the occupants of the house.

The above shows that appellee established its claim of privilege and lack of actual malice, "thus piercing the pleadings of the [plaintiffs] as to this matter. Thereafter, the burden of proving 'actual malice' was on the [plaintiffs]. [Cits.]" *Morton v. Gardner*, 155 Ga. App. 600 (6b) (271 SE2d 733) (1980). See also *Fiske v. Stockton*, supra; *Meyer v. Ledford*, 170 Ga. App. 245, 247 (316 SE2d 804) (1984); *Sherwood v. Boshears*, supra. Appellants presented no evidence of malice to rebut appellee's showing of lack of malice, and "[c]onclusory allegations are insufficient to create a material issue of fact in response to a motion for summary judgment. [Cit.] The grant of summary judgment was authorized by the record." *Mewbourn v. Harris*, 162 Ga. App. 102, 103 (290 SE2d 315) (1982).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 29, 1985 —
REHEARING DENIED FEBRUARY 13, 1985 — 

*Lonzy F. Edwards*, for appellants.
*Edward S. Sell III*, for appellee.