77843. ARMSCORP OF AMERICA, INC. v. DAUGHERTY.
(380 SE2d 729)

BENHAM, Judge.

This appeal is from the grant of summary judgment to appellee-defendant in appellant's suit for libel. Appellant manufactures and sells firearms and parts for firearms, and contended in its suit that the following advertisement in a national magazine devoted to firearms was defamatory of it: "M-14 AND FAL Are you one of those people who has paid for an M-14 or FAL (or receivers) and keep getting the run-around? If you are tired of financing someone's programs

or if you want your money back, drop me a line and tell me your story about your past or present experience with the company. Include copies of old or new correspondence, if you can. Something has to be done to fix this situation fast. Mail your complaint or comments to: M-14/FAL PROJECT P.O. Box 6351, Columbus, GA 31907." Among other defenses raised by appellee was that the advertisement did not name or refer directly to appellant so as to constitute defamation of it. We agree.

"To sustain an action for libel, ' "(t)he (allegedly) defamatory words must refer to some ascertained or ascertainable person, and that person must be plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory. An innuendo can not make the person certain which was uncertain before." ' " *Fiske v. Stockton*, 171 Ga. App. 601 (1) (320 SE2d 590) (1984). Here, as in *Fiske*, "the words used really contain no reflection on any particular individual," or in this case, any particular company. Applying the same analysis used in *Fiske*, the only reasonable interpretation of the advertisement is that some company which sells M-14's or FALs or receivers for those weapons has been giving its customers a "run-around." There is nothing to suggest that appellant is that company. The evidence of record establishes that the designations "M-14" and "FAL" are not trademarks or tradenames registered to appellant and that such weapons are sold by others. Compare *Holmes v. Clisby*, 118 Ga. 820 (1) (45 SE 684) (1903), where the plaintiff was the only source of the product involved other than the defendant, and was thus of necessity the person to whom the defendant referred. The testimony of appellant's president that others told him that they knew the advertisement referred to appellant, even if it were not hearsay, would not create a jury issue as to whether the publication referred to appellant. *Fiske*, supra. We hold, as we did in *Fiske*, that the publication, as a matter of law, was not defamatory of appellant. It follows that the trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989 —
REHEARING DENIED MARCH 23, 1989 — 

*King, Morriss, Talansky & Witcher, Joseph H. King, Jr.*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr.*, for appellee.