A90A2112. WAYNE COUNTY BOARD OF EDUCATION et al. v. TYRE et al.
(404 SE2d 809)

McMURRAY Presiding Judge.

Brint Tyre, by and through his parents as next friends, designating themselves and their son as plaintiffs, sued Wayne County Board of Education, Wayne County High School and a school official (defendants) and alleged that Brint Tyre is a student at Wayne County High School and that his due process rights were violated as a result of a three-day disciplinary suspension. Plaintiffs further alleged that they were damaged because Brint Tyre missed important school work during the three-day suspension and that defendants were "negligent" in "failing to allow an appeal." Defendants denied the material allegations of the complaint and later filed a joint motion for summary judgment. Plaintiff Brint Tyre's deposition was filed in support of the joint motion for summary judgment and evidence adduced therein and in supporting affidavits revealed the following:

On Saturday, October 15, 1988, plaintiff Brint Tyre was participating in an outdoor "marching competition" with the Wayne County High School marching band. Plaintiff and about 180 other members of the marching band were transported, via school bus, to the "marching competition." The students were supervised by Wayne

County High School teachers and the school's band director.

After the band had completed its performance and while plaintiff Brint Tyre was standing with other band members and a color guard instructor for the band, he "slung" a large insect which had appeared on his hand. A fellow band member, Regina Lewis, retrieved the insect and exhibited it to plaintiff. Plaintiff "grabbed [Regina Lewis'] wrist and shook it and the insect fell." Plaintiff then crushed the insect with his foot and the creature's insides "splattered" in the direction of the color guard instructor and soiled instructor's clothing (shoes and pants leg). The instructor ordered plaintiff to clean the creature's body from her clothing. Plaintiff did not respond to the order. Instead, he turned away and ignored the instructor's command. The band director then approached plaintiff and asked plaintiff if he was refusing to obey the instructor's direct order. Plaintiff responded, "no, sir, I'm just not going to clean it up because it's not my place." The band director then made it clear to plaintiff that he would have to answer to the high school's assistant principal on Monday morning when they returned to school, and that he would then be facing a disciplinary suspension for insubordination. (Plaintiff's testimony is unclear regarding the band director's statements on the night of the incident, but plaintiff affirmed that he was fully aware that he would be visiting the assistant principal on the charge of insubordination for disobeying the color guard instructor for the band.)

Plaintiff Brint Tyre was called to the assistant principal's office on Monday morning. The assistant principal asked plaintiff if he had attended the "marching competition" on the previous Saturday evening. Plaintiff responded affirmatively. The assistant principal also asked plaintiff if he had crushed a bug while on the field trip. Plaintiff responded affirmatively. The assistant principal then asked plaintiff if he refused to obey the color guard instructor's order to clean up the mess caused by plaintiff's squashing of the bug. Plaintiff said that he did refuse to comply with the instructor's directions. However, he did not then explain why he refused to obey the instructor's orders. The assistant principal informed plaintiff that he had been insubordinate and that the punishment would be suspension from school for three days. Plaintiff asked the assistant principal to call his father. The assistant principal complied and informed plaintiff's parents telephonically that plaintiff was suspended from school for three days for disobeying the color guard instructor's directions. Plaintiff complied with the three-day suspension and missed an important school test as a result of the suspension.

Defendants' joint motion for summary judgment was denied and the trial court certified the order for interlocutory review. Defendants filed an application for review and we granted an appeal. *Held*:

1. Defendants first contend the trial court erred in denying their

joint motion for summary judgment.

"Goss v. Lopez, 419 U. S. 565, 581 (95 SC 729, 42 LE2d 725) sets forth the principles relative to a student's constitutional rights: 'Students facing temporary suspension have interests qualifying for protection of the due process clause and due process requires, in connection with a suspension of ten days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story. The clause requires at least these rudimentary precautions against unfair or mistaken findings of misconduct and arbitrary exclusion from school.' " *Dillard v. Fussell,* 160 Ga. App. 382 (287 SE2d 96).

The undisputed circumstances of the case sub judice show that plaintiff Brint Tyre was afforded the minimum procedural requirements of *Goss v. Lopez,* supra. Plaintiff was made aware of the charges against him shortly after the incident which gave rise to his suspension and plaintiff was given an opportunity to answer the charge that he refused to obey an instructor's order. This eliminated all genuine issues of material fact regarding plaintiffs' claim that plaintiff Brint Tyre was not afforded procedural due process. Plaintiff Brint Tyre's version of the incident which led to his suspension may be viewed as supporting plaintiffs' claim that plaintiff Brint Tyre was treated unfairly by school officials, but it does not raise elements vital to plaintiffs' cause of action. See *Dillard v. Fussell,* 160 Ga. App. 382, 383 supra. Consequently, the trial court erred in denying defendants' motion for summary judgment.

2. Plaintiffs contend that plaintiff Brint Tyre was denied "due process protection at the school level . . ." because the administrative review procedures provided by OCGA §§ 20-2-753 and 20-2-754 were not implemented.

OCGA §§ 20-2-753 and 20-2-754 make provisions for disciplinary hearings before an authorized school official, panel or tribunal in cases involving assault and battery by a student and in cases involving substantial damage alleged to be intentionally caused by a student on school premises to personal property belonging to a teacher, other school official, employee or student. See OCGA § 20-2-753 (a). Plaintiff Brint Tyre was not charged with any such offenses. Consequently, he was not entitled to review by the disciplinary hearing process of OCGA §§ 20-2-753 and 20-2-754. This contention is without merit.

3. It is unnecessary to address defendants' remaining enumeration of error.

*Judgment reversed. Sognier, C. J., and Carley, J., concur.*

DECIDED MARCH 13, 1991 —
REHEARING DENIED MARCH 28, 1991.

*Fortson & White, Bruce H. Beerman, Beth H. Paradies, J. Alvin Leaphart,* for appellants.
*Nathan & Nathan, Ivan H. Nathan,* for appellees.