## 54774. COLE v. ATLANTA GAS LIGHT COMPANY.

SMITH, Judge.

The appellant's amended complaint alleged a slanderous publication distinct from that named in the original complaint; hence, the trial court correctly concluded that the amendment would not relate back to the date of the original complaint so as to bring the amended claim within the statute of limitation. We affirm.

The appellant, Cole, was employed by the appellee, Atlanta Gas Light Co., until his dismissal on February 11, 1975. On August 18, 1975, appellant sued appellee for slander, alleging that on the day of his dismissal,

February 11, appellee's agents had called him "dishonest, a liar, and disloyal to the company." For reasons immaterial here, the trial court granted summary judgment against the appellant on July 16, 1976; however, the appellant was given ten days in which to amend his complaint. On July 22, 1976, appellant filed an amended complaint which alleged the same slanderous remarks, but which changed the dates they allegedly were made to April, 1975, and which changed, in some cases, the name of appellee's agent who made the remarks. After accepting both written and oral arguments, the trial court concluded that the amendment referred to transactions distinct from the transactions alleged in the original complaint. We agree, and since the amendment therefore could not relate back to the original complaint in order to bring the action within the one year statute of limitation (Code § 3-1004), we affirm the trial court's grant of appellee's motion for judgment on the pleadings.

Civil Practice Act § 15 (c) (Code Ann. § 81A-115 (c)) allows an amendment to relate back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Georgia case law interpreting this section is somewhat sparse, so our courts have frequently referred to federal constructions of the identical federal rule. E.g., *Gordon v. Gillespie,* 135 Ga. App. 369 (217 SE2d 628) (1975); *Downs v. Jones,* 140 Ga. App. 752 (231 SE2d 816)(1976). In Hartmann v. Time, Inc., 64 FSupp. 671 (E.D.Pa. 1946), an amendment alleging a separate publication of the same libelous statement alleged in the original complaint did not state a claim arising "out of the conduct, transaction, or occurrence set forth" in the original pleading. See also Pendrell v. Chatham College, 386 FSupp. 341, 344 (W.D.Pa. 1974). At the very best, the amendment in issue here charged merely a reaffirmation of the slanderous statement charged in the original complaint. More likely, in the trial court's words, the amendment "seeks in reality to claim relief upon an entirely separate incident, occurring under distinctly separate circumstances, and

involving distinctly separate persons." Either way — whether alleging republication of an old slander, or publication of a new slander altogether — the amendment did not set forth claims arising out of the conduct, transaction, or occurrence set forth in the original complaint. Thus, the amendment did not relate back to the original date; the statute of limitation was an effective bar; and judgment on the pleadings was properly entered in the appellee's behalf.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

Submitted October 31, 1977 — Decided January 23, 1978.

*Ridley & Nordin, John H. Ridley,* for appellant.
*Hansell, Post, Brandon & Dorsey, Albert G. Norman, Jr.,* for appellee.