## 69150. SPARKS v. PARKS.
(324 SE2d 784)

McMurray, Chief Judge.

Plaintiff Steward A. Sparks brought suit against defendant Benjamin Gordon Parks in the Superior Court of Fayette County. In his complaint, plaintiff alleged that defendant, the Peachtree City Chief of Police, uttered with malice a statement calculated to injure plaintiff in his trade, business and profession; that the statement was made to Fred Brown, the Mayor of Peachtree City, in the absence of privilege; and that the statement constituted slander per se. It was alleged further that defendant published a letter to four Peachtree City Councilmen; that the letter contained a libelous statement which was published by defendant with a malicious disregard for the truth; that defendant published the letter in order to injure the plaintiff in his profession; and that the statement contained in the letter was libelous per se.

Defendant answered the complaint, denying the material allegations thereof. Additionally, defendant responded that the alleged defamatory communications were clothed with a privilege.

Following discovery, defendant moved for summary judgment. His motion was accompanied by supporting affidavits which demonstrated the following facts:

On June 24, 1982, Mayor Frederick Brown called the defendant into his office to discuss a complaint made by the plaintiff. The complaint concerned the degree of protection which had been afforded by the police department to a Mrs. Morse, a Peachtree City citizen. The plaintiff lodged the complaint on behalf of that citizen. To defend his department, the defendant told the mayor about a recent incident in which the plaintiff, a free lance photographer, tried to sell photographs to the father of an accident victim. In so doing, the defendant informed the mayor that the plaintiff was using pressure tactics to sell his photographs.

A few days later, the defendant wrote a letter to the plaintiff in which he accused the plaintiff of using unprofessional, high pressure tactics in dealing with the police department and the victims of accidents.

On July 15, 1982, Mayor Brown suspended the defendant. Thereupon, the defendant appealed the suspension to the City Council of Peachtree City. The suspension hearing was conducted in a manner

very similar to a court proceeding. The city and the defendant were each represented by counsel; each side called witnesses on his or its behalf; and each side introduced evidence to be considered by the four city councilmen.

Having learned that the plaintiff was involved in an investigation being conducted by the mayor, the defendant presented the allegedly libelous letter to the councilmen during the course of the hearing. The letter was introduced to explain the defendant's problems with the plaintiff and the mayor and to persuade the councilmen to reinstate the defendant as Chief of Police. Following the city council hearing, the defendant was reinstated.

In his own supporting affidavits, the defendant asserted that his statements to Mayor Brown "were made in the good faith belief that the facts relating to Plaintiff Sparks were true . . . [and with] the good faith intent to protect my interest in my job and protect the good name of the Peachtree City Police Department." With regard to the letter, the defendant answered: "My publication of the June 28, 1982 letter to the City Councilmen was done to protect my job during the course of a quasi-judicial inquiry."

In opposition to defendant's summary judgment motion, plaintiff filed affidavits showing the following: Frederick Brown began his term as mayor of Peachtree City on January 7, 1982. During his campaign, Mayor Brown promised to evaluate all aspects of city government, including the police department. After conducting his investigation, the mayor determined that the defendant purposely and continuously violated the rules and regulations of the police department. Accordingly, the mayor decided to suspend the defendant from the office of Chief of Police. In the words of the mayor, the "suspension had absolutely nothing to do with Steward A. Sparks."

With regard to the June 24, 1982 meeting between Mayor Brown and the defendant, the mayor deposed: "I called Chief Parks to my office because I had received a complaint lodged by Mrs. Morse, concerning the fact that the Police Department failed to promptly respond to an emergency burglary call . . . She told me that she was so distraught over her fear for her safety that she asked [her] family friend Steward A. Sparks to intervene and help her by calling the police. It was Chief Parks who brought up Mr. Sparks' name concerning the incident. I purposefully made it very clear that Mr. Sparks was not the complainant, but that Mrs. Morse was. It appeared that Chief Parks was obsessed with Mr. Sparks and not paying attention to the issue of poor police response to Mrs. Morse['s] emergency."

It should be noted that Mayor Brown also gave an affidavit to be used in support of the defendant's motion for summary judgment. In that affidavit, the mayor deposed, in part: "On or about June 24, 1982, the City's Chief of Police, Benjamin Parks, came to my office to

discuss a complaint made by Steward Sparks about the Police Department. Chief Parks defended the Department and indicated that Mr. Sparks was trying to cause trouble for the Police Department. As part of Chief Park's explanation of how Mr. Sparks was harassing the Police Department, Chief Parks related another recent incident that had been reported to him where Sparks had been pushy and antagonistic. The incident involved Mr. Sparks' efforts to induce Mr. Glenn Puckett to purchase a complete set of accident scene photographs for two hundred dollars, and Chief Parks reported that Sparks had used high pressure tactics. There was no one else in the room at this time. It was my impression that Chief Parks related the incident to me in an effort to support his defense of the Police Department against the complaint lodged by Mr. Sparks."

With regard to the issue of malice, plaintiff submitted his own affidavit in which he deposed: "I verily believe that Mr. Benjamin Parks because of our (my wife and my) close personal relationship with Mayor Fred Brown and his wife Anita Brown resents the fact that: (1) his subordinate, police dispatcher Betty Sparks (my wife) is on a first name basis with the Mayor who is Chief Parks' superior; (2) both my wife and myself work closely with the Mayor on major civic functions . . . and (3) that I was erroneously and improperly perceived to be a precipitating factor in his suspension. Because of the aforesaid and my experience in dealing with Mr. Parks, it is my belief that he functions in a mental state of persecution which causes him to deal with benign and normal situations as personally threatening. As a result of my personal relationship with Mayor Brown, my wife's position with the Peachtree City Police Department, my involvement with Peachtree City civic functions together with the Mayor's investigation into the Peachtree City Police Department and the then state of mind of Benjamin Parks, I verily believe that the Puckett incident [the sale of the accident photographs] was merely a vehicle to vent his private malice toward me and my profession."

Following a hearing, the trial court granted defendant's motion for summary judgment. Plaintiff appealed. *Held*:

1. "A charge made against another in reference to his trade, office or profession, calculated to injure him therein, is actionable per se unless made under circumstances which constitute it a privileged communication, such as in the performance of a public duty, or a private duty, either legal or moral, or with a bona fide intent on the part of the speaker to protect his own interest in a matter where it is concerned. The burden is on the defendant to establish this defense." *Van Gundy v. Wilson*, 84 Ga. App. 429 (1) (66 SE2d 93).

Such a privilege is not absolute; it is conditional. *Lamb v. Fedderwitz*, 68 Ga. App. 233, 234 (4) (22 SE2d 657), aff'd, 195 Ga. 691 (25 SE2d 414). "In every case of conditional privilege, if the privilege is

used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed has a right of action." *Atlanta News Publishing Co. v. Medlock*, 123 Ga. 714 (4) (51 SE 756). Thus, "proof that the communication as made was privileged will defeat recovery unless actual malice on the part of the defendant exists." *Van Gundy v. Wilson*, 84 Ga. App. 429, 433 (1), supra. The burden of establishing actual malice lies upon the plaintiff. *Duchess Chenilles v. Masters*, 84 Ga. App. 822, 829 (4) (67 SE2d 600). But although the plaintiff must prove actual malice upon the trial of the case, on a motion for summary judgment, "the movant defendant is obligated to 'affirmatively negative the claim of the [plaintiff] and show [he is] not entitled to recovery under any theory of the case . . .' *Barry v. Cantrell*, 150 Ga. App. 439, 441 (258 SE2d 61)." *Morton v. Gardner*, 155 Ga. App. 600, 604 (6) (271 SE2d 733). "To make the defense of privilege complete, in an action of slander or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear." *Sheftall v. Central of Ga. R. Co.*, 123 Ga. 589 (5) (51 SE 646).

The evidence submitted by the defendant in support of his motion for summary judgment demonstrated that the statement to the mayor and the publication of the letter to the councilmen were made bona fide in the performance of a public duty and with a good faith intent on the part of the defendant to protect his interest in a matter in which the city was directly concerned. OCGA § 51-5-7. The defendant disclaimed any malice and established that the sole purpose of the communications was to protect himself and the good name of the police department. See *McKinnon v. Trivett*, 136 Ga. App. 59, 61 (3) (220 SE2d 63); *Shehan v. Keen*, 26 Ga. App. 339 (106 SE 190). Defendant carried his burden to show the claim of privilege and the lack of actual malice. Thus, it was incumbent upon the plaintiff to set forth definite facts demonstrating a genuine issue for trial. OCGA § 9-11-56 (e). Specifically, plaintiff had the burden of showing express malice on the part of the defendant.

2. "Conclusory allegations by the plaintiff of conspiracy, malice, and defamation, are insufficient — in the absence of substantiating fact or circumstances, to raise a material issue for trial. '[I]t is the duty of each party at the hearing on the motion for summary judgment to present his case in full.' *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173)." *Morton v. Stewart*, 153 Ga. App. 636, 643 (266 SE2d 230).

The evidence mustered by the plaintiff to oppose defendant's summary judgment motion contains mere conclusions and suppositions concerning defendant's alleged malice. It does not set forth specific facts demonstrating express malice. Accordingly, plaintiff has

failed to carry his burden of showing actual malice on the part of the defendant. *Sherwood v. Boshears*, 157 Ga. App. 542 (278 SE2d 124); *Morton v. Gardner*, 155 Ga. App. 600, supra. The want of actual malice having been demonstrated, the trial court properly granted defendant's motion for summary judgment. *Sherwood v. Boshears*, supra.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 3, 1984.

*Larry W. Melnick*, for appellant.
*Michael H. Schroder, James E. Sherrill*, for appellee.