### 69980. SAMPLES v. BARNES GROUP, INC.
(333 SE2d 147)

CARLEY, Judge.

Appellant initiated the instant suit against appellee and other defendants not parties to this appeal, seeking damages for personal injuries. The original complaint was subsequently superseded by four amended complaints. Following discovery, the trial court granted appellee's motion for summary judgment on the ground that the claims asserted in appellant's final amended complaint were barred by the statute of limitation.

The sole issue for resolution on appeal is whether appellant's fourth amended complaint relates back to the date of the original pleading. The original complaint, which was filed on May 13, 1982, alleged the following facts: Appellant and a co-worker named Harp were employed by Yellow Freight Systems, Inc. (Yellow Freight). During his employment, Harp determined that the soap cleaner he was using to clean doors was ineffective. As a result of Harp's complaints, Yellow Freight purchased from defendant J. B. Distributing Company (J. B.) a barrel labeled "Special Soap Door Cleaner Yellow Freight." On or about May 15, 1980, Harp was applying this special soap when he inadvertently sprayed appellant with the substance. As a result of this exposure to the special soap door cleaner, appellant suffered injuries. The original complaint further alleged that the barrel was delivered to Yellow Freight by J. B., that the contents of the

barrel were manufactured by appellee Barnes Group, Inc., and, although labeled by appellee as "Special Soap Door Cleaner," the barrel contained "Bowman Gasket and Decal Remover." It is clear, therefore, that the original assertions of liability against appellee were based upon appellee's alleged mislabeling of a barrel delivered to J. B. and purchased by Yellow Freight from J. B.

As against appellee, the first amended complaint, filed June 28, 1983, essentially restated the allegations contained in the original complaint, except that appellant added an allegation that the barrel contained Bowman Gasket and Decal Remover "or another product manufactured by [appellee]." On January 13, 1984, a second amended complaint was filed, which complaint restated the allegations contained in the first amended complaint, but also alleged that "on or about May 15, 1980, *and thereafter*" appellant used appellee's product. Additionally, it was alternatively alleged that the barrel of special soap door cleaner was manufactured and labeled by J. B., but contained sulphuric acid or another product manufactured by J. B. Insofar as is relevant to this appeal, appellant's third amended complaint continued the same allegations.

On June 27, 1984, the fourth and final amended complaint was filed. In this complaint, appellant alleged for the first time that Yellow Freight had purchased *from appellee a chemical spray labeled* "Bowman Gasket & Decal Remover" which chemical was manufactured by appellee. Additionally, this amended complaint alleged that sometime *after* May 15, 1980, appellant used the chemical, causing an *aggravation of his pre-existing* medical skin problems. As in the previous complaints, appellant again asserted that on or about May 15, 1980, he sustained injuries as a result of his exposure to a barrel of chemical labeled "Special Soap Door Cleaner Yellow Freight." In this final complaint, appellant alleged only that the chemical contained in the barrel was manufactured by J. B. and contained sulphuric acid or another product manufactured by J. B. With regard to the barrel of special soap door cleaner, no allegations were made that appellee had manufactured or mislabeled it.

From the foregoing, it is clear that appellant's original complaint set forth product liability claims against appellee allegedly arising out of injuries sustained on or about May 15, 1980, due to appellee's manufacturing and mislabeling a barrel labeled "Special Soap" which barrel was purchased by Yellow Freight from J. B. However, in his fourth amended complaint, appellant abandoned any claim against *appellee* insofar as the May 15, 1980, barrel of special soap incident was concerned. Instead, as against appellee, appellant for the first time alleged that sometime *after* May 15, 1980, his *previous* injuries were *aggravated* as a result of his subsequent exposure to a *spray can* actually *labeled* "Bowman Gasket & Decal Remover." This change in

the allegations is undoubtedly the result of ongoing discovery which revealed that sometime *after* being sprayed by Harp on May 15, 1980, appellant was required periodically during his employment to use a spray can of Bowman Gasket & Decal Remover, and that following each use of the spray, his existing skin problems were aggravated.

OCGA § 9-11-15 (c) provides: "Whenever the claim or defense asserted in the amended pleading *arises out of the conduct, transaction, or occurrence* set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . ." (Emphasis supplied.) The "relation back rule" is intended to ameliorate the impact of the statute of limitation. The rule " 'is based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the state statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of these protections.' [Cit.] 'The Federal Rules have broadened the meaning of the concept of "cause of action," shifting the emphasis from a theory of law as to the cause of action, to the *specified conduct of the defendant* upon which the plaintiff relies to enforce his claim. And an amendment which changes only the legal theory of the action, or adds another claim *arising out of the same transaction or occurrence*, will relate back.' [Cit.]" (Emphasis supplied.) *Gordon v. Gillespie*, 135 Ga. App. 369, 375 (217 SE2d 628) (1975).

Our review of the record reveals that the claim asserted against appellee in the fourth amended complaint did nòt arise out of the conduct, transaction, or occurrence set forth in the original pleading. OCGA § 9-11-15 (c). We are aware that amendments merely correcting factual details, such as time and place, will relate back. See *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14, 18-19 (217 SE2d 358) (1975). Moreover, a narrow reading of OCGA § 9-11-15 (c) would defeat the purpose for which it was designed. See *Rich's Inc. v. Synder*, 134 Ga. App. 889, 892 (3) (216 SE2d 648) (1975). However, in his fourth amended complaint, appellant did not attempt merely to correct factual details, or even to allege an additional legal theory of recovery arising out of the same occurrence which was the subject of his original complaint. Instead, in his fourth amended complaint, appellant set forth an entirely new claim for relief based on wholly different facts. See *Henson v. American Family Corp.*, 171 Ga. App. 724, 731 (8) (321 SE2d 205) (1984). The original pleading did not give fair notice to appellee of the general fact situation out of

which the claim set forth in the fourth amended complaint arose. "[T]he amendment did not set forth claims arising out of the conduct, transaction, or occurrence set forth in the original complaint. Thus, the amendment did not relate back to the original date; the statute of limitation was an effective bar; and [summary judgment] was properly entered in the appellee's behalf." *Cole v. Atlanta Gas Light Co.*, 144 Ga. App. 575, 577 (241 SE2d 462) (1978).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 27, 1985.

*William L. Hazleton*, for appellant.
*James L. Ewing, R. Chris Irwin*, for appellee.