## A89A0652. DEAL v. BUILDERS TRANSPORT, INC.

(385 SE2d 293)

BEASLEY, Judge.

Plaintiff Deal appeals from the grant of summary judgment to Builders Transport, Inc., his former employer, whom he sued for libel and slander. To prevail on summary judgment, a defendant is required to pierce plaintiff's pleadings and negate an essential element of the complaint, with all evidence construed in favor of the plaintiff. *Henderson v. KMSystems*, 188 Ga. App. 893, 895 (1) (374 SE2d 550) (1988).

The complaint alleged that the employer through its agent Gene Williams libeled and falsely accused plaintiff of falsifying his application for employment. Williams was the company's administrative assistant who gave plaintiff the separation notice which provided that he was discharged due to application falsification. This communication and any message about it from Williams to another has been abandoned as the basis of the alleged tort, apparently because of the privilege granted by OCGA § 34-8-11.

In response to the motion for summary judgment, and on appeal, plaintiff contends that Burrill, the terminal manager, libeled and slandered him by answering the question of Pascullis, plaintiff's training supervisor who asked why plaintiff was no longer driving, "Something was wrong with his application." This, plaintiff contends, was an unprivileged oral publication of the libel in the document, citing *Southland Corp. v. Garren*, 138 Ga. App. 246 (225 SE2d 920) (1976), rev'd on other grounds, 237 Ga. 484 (228 SE2d 870) (1976). However, what is complained of now and in response to the motion is not a communication or publication of what was written on the separation notice, but a materially different statement.

Plaintiff also contends on appeal, and contended in responding to the motion, that this same utterance was slander, relying in this regard on the definition in OCGA § 51-5-4 as applied in *Kaplan v. Edmondson*, 68 Ga. App. 151 (22 SE2d 343) (1942). That case involved two sections of an earlier statute, only one of which is still extant, that being OCGA § 51-5-4 (a) (1).

The communication by Burrill to Pascullis is not what is complained of in the action brought, and thus plaintiff is not entitled to reversal of summary judgment on the complaint. "Every publication of matter which is shown to be libelous is a separate cause of action; and where the plaintiff brings suit for publication at designated places, he can not show publication to other persons at a different time and place, since it would tend to prove a cause of action separate from the one alleged in the petition." *Western Union Tel. Co. v. Vickers*, 71 Ga. App. 204, 209 (5) (30 SE2d 440) (1944). Even if the alleged defamation by Burrill was the same as that allegedly made by

Williams, which it was not, a republication is still a separate cause of action. "Each publication of [a] libel by different persons constitutes a separate and distinct wrong to the aggrieved party." *Howe v. Bradstreet Co.*, 135 Ga. 564, 565 (69 SE 1082) (1910); *Cole v. Atlanta Gas Light Co.*, 144 Ga. App. 575 (241 SE2d 462) (1978).

Without even reaching the questions of whether the statement was not defamatory, or actionable, as a matter of law, plaintiff is not entitled to reversal of summary judgment given in defendant's favor "as to all" of the claim asserted against it. OCGA § 9-11-56 (b).

*Judgment affirmed. Carley, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED MAY 3, 1989 —
REHEARING DENIED JULY 27, 1989 —

*Joseph B. Bergen, Frederick S. Bergen*, for appellant.
*Fisher & Phillips, Griffin B. Bell, Jr., Deborah Craytor*, for appellee.