## A93A1819. STANGE v. COX ENTERPRISES, INC.
### (440 SE2d 503)

SMITH, Judge.

This action arises out of the October 1990 publication of two newspaper articles and an editorial by defendant Cox discussing Stange's involvement in several real estate transactions before his appointment as acting Housing Commissioner for the City of Atlanta. In October 1991, Stange demanded a correction and retraction and brought this action seeking damages for "false and malicious defamations." After the close of discovery, Cox's motion for summary judgment was granted by the trial court. Without reaching the other defenses asserted by Cox, the trial court granted Cox's motion for summary judgment on the basis that Stange had failed to establish "by clear and convincing evidence actual malice on the part of defendant in publishing the statements." This appeal follows.

The first article, by staff writer Mark Sherman, appeared on October 12, 1990 under the headline "Atlanta housing official preyed on us, poor homeowners charge." The article described three instances in which Stange purchased homes, in his own name or as agent for his sister and brother-in-law, from owners facing financial trouble. Sherman's article reported that Stange purchased the homes for little or no cash and the mortgage arrearage, then rented the houses back to the former owners at rents that were 75 to 180 percent higher than the monthly mortgage payments. In one case, Sherman reported, the former owners were evicted for nonpayment of rent, and they later filed a civil action alleging that Stange deceived them into signing a deed when they believed that they were obtaining a loan. The article also stated that another homeowner believed until closing that he was getting a loan.

The editorial at issue appeared in The Atlanta Journal on October 15, 1990, under the headline "Keep foxes out of henhouse." Noting the case of a former housing commissioner who pled guilty to criminal charges arising out of gouging tenants while he was serving as commissioner, the editorial observed that "[t]he city apparently did not learn its lesson" and that the acting housing commissioner, Stange, "now faces charges of profiting off homeowners facing foreclosures." It went on to note that according to three former homeowners Stange posed as a lender, then bought their homes at "bargain prices" and "rented them back at exorbitant rates."

The second article, also by Mark Sherman, appeared on October 16, 1990. The article headlined the appointment of the new housing

commissioner and city attorney but discussed Stange in its final paragraphs. Sherman reported that before joining the city administration, Stange bought dozens of properties at bargain prices, often from homeowners in financial distress, and in at least three cases allowed former homeowners to remain "with hefty rent increases." The article added that in two cases the homeowners said Stange had deceived them into selling their homes when they believed they were obtaining loans.

1. Stange first contends that the trial court impermissibly shifted the burden of proof in ruling upon Cox's motion for summary judgment. This contention has no merit. On summary judgment, a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. The nonmoving party cannot then rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

This rule has equal force in defamation cases. See *Speedway Grading Corp. v. Gardner*, 206 Ga. App. 439, 441 (1) (425 SE2d 676) (1992). As discussed in Division 2, infra, Cox relied upon the affidavits of its employees, the depositions of its employees and Stange, and the parties' responses to discovery to point out an absence of evidence of falsity, knowledge of falsity, or actual malice. This showing was more than adequate to shift the burden to Stange to come forward with clear and convincing evidence that the statements were false and, if false, were made with actual malice. See *Murray v. Williams*, 166 Ga. App. 865 (305 SE2d 502) (1983). The trial court did not err in its application of the burden of proof on summary judgment.

2. Stange has not enumerated as error the determination of the trial court that he is a "public official," and acknowledges his status as a public official in his brief. Accordingly, he is subject to the standard of *New York Times Co. v. Sullivan*, 376 U. S. 254 (84 SC 710, 11 LE2d 686) (1964). In order to recover damages for defamation as a public official Stange must demonstrate that the statements complained of were made with "actual malice" — that is, with knowledge that they were false or with reckless disregard for their truth or falsity. Id. at 279-280; *Harte-Hanks Communications v. Connaughton*, 491 U. S. 657, 667 (109 SC 2678, 105 LE2d 562) (1989). The "reckless disregard" necessary to show actual malice "is not measured by whether a reasonably prudent man would have published or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v.*

*Thompson,* 390 U. S. 727, 731 (88 SC 1323, 20 LE2d 262) (1968). The Court went on to observe that this admittedly high standard of proof may protect some erroneous or false communications, but is required because "the stake of the people in public business and the conduct of public officials is so great that neither the defense of truth nor the standard of ordinary care would protect against self-censorship and thus adequately implement First Amendment policies." Id. at 731-732.

The public official in a defamation action must show actual malice with "convincing clarity." *New York Times Co. v. Sullivan,* supra, 376 U. S. at 285-286. The requirement of clear and convincing evidence of actual malice is equally applicable in ruling upon a motion for summary judgment. *Anderson v. Liberty Lobby,* 477 U. S. 242, 254-257 (106 SC 2505, 91 LE2d 202) (1986). See generally *Brewer v. Rogers,* 211 Ga. App. 343 (439 SE2d 77) (1993).

In his brief and two supplemental briefs, Stange contends that there is evidence in the record of actual malice on the part of Cox and its employees. In essence, Stange contends that Sherman and the editorial writer failed adequately to investigate the story. He points to testimony that Cox does not employ "fact checkers" on its stories, that the editorial was not independently investigated before publication, and that Sherman destroyed his notes and tape recordings of his interviews in the year intervening between the story and Stange's demand for a retraction. Stange also contends that Sherman knew certain statements in the articles were false because Stange provided him with copies of closing documents.

These contentions do not rise to the level of a clear and convincing showing of actual malice. "Failure to investigate does not in itself establish bad faith," *St. Amant v. Thompson,* supra, 390 U. S. at 733, citing *New York Times Co. v. Sullivan,* supra, 376 U. S. at 287-288, even if a reasonably prudent person would have investigated. *Harte-Hanks Communications v. Connaughton,* supra, 491 U. S. at 688. The editorial's reliance on Sherman's investigation accordingly does not demonstrate bad faith or actual malice.

Moreover, the record shows that Sherman undertook substantial investigation. He reviewed court records of pleadings, deeds, and dispossessory notices in the Fulton and DeKalb County courthouses, and he interviewed one homeowner in person. While Sherman did not personally interview all the homeowners, he did interview in each case a person with knowledge, such as an attorney or a relative residing with the homeowner. Sherman testified that the facts uncovered in his investigation were consistent with the statements made in the articles.

While a failure to investigate alone does not establish malice, the investigation which Sherman undertook tends to corroborate his assertion of good faith and belief in the truth of the published state-

ments. Stange has not shown that Sherman's investigation uncovered facts that created a high degree of awareness of probable falsity or caused him to entertain serious doubts as to the truth of his publication. *Harte-Hanks Communications v. Connaughton,* supra, 491 U. S. at 667.

Although the closing documents show that the three transactions were sales, these documents are not evidence of actual malice on the part of Cox, or even of falsity, because they do not address the statement in the article that two homeowners believed *until closing* that they were obtaining loans. Sherman testified that this statement was supported by the pleadings filed in the civil action by one homeowner, and by his interview with the second homeowner. Stange has not presented evidence showing awareness of probable falsity of these statements on Cox's part.

With respect to Sherman's destruction of his interview notes and tapes, Sherman testified that he routinely destroyed notes and tapes within a month or two after publication of the story in question, except notes for ongoing stories. Stange did not make his complaints known to Cox until approximately one year from publication of the articles and editorial. Stange presents no evidence that the destruction of notes was anything other than a routine practice, and he cites no authority for the proposition that the routine, prelitigation destruction of notes is evidence of actual malice. Compare *Brown & Williamson Tobacco Corp. v. Jacobson,* 827 F2d 1119, 1134 (7th Cir. 1987) (selective destruction of pertinent notes after litigation commenced).

The cases cited by Stange to support his contention that Cox's employees acted with actual malice involve facts and circumstances which are absent from this case. For example, in *Barber v. Perdue,* 194 Ga. App. 287 (390 SE2d 234) (1989), evidence in the record showed that the statements in a personal letter written by the defendant were false, that the defendant admitted he had reviewed files containing material that cast serious doubts on the truth of those statements, that he instructed an assistant to conduct only a limited investigation of the facts, and that he sent the letter to public officials in an effort to discredit the plaintiff during an election campaign. In contrast, the facts here do not evince "an intent to avoid the truth." *Harte-Hanks Communications v. Connaughton,* supra, 491 U. S. at 692-693.

Stange also complains that the editorial contained a contention by three former homeowners that Stange had "posed as a lender," while the articles stated that one had made that allegation in a civil action while one contended that he "felt deceived." He also complained that the editorial stated that "at least one former homeowner is suing," without making it clear that his sister and brother-in-law,

rather than Stange himself, were defendants in that suit. However, Stange acknowledged on his deposition that the statements made in the articles and editorial were in large part accurate.

Even assuming that Stange's complaints have some technical merit, in the context of the editorial, the omission of an explicit explanation of the parties to the civil action and the variance in the number of owners who alleged or stated that they were deceived are minor factual errors which do not go to " 'the substance, the gist, the sting' " of the story. *Masson v. New Yorker Magazine*, 501 U. S. ____ (111 SC 2419, 115 LE2d 447, 472) (1991). Moreover, with respect to a public official, even a false or erroneous publication must have been made with actual malice. Stange has not presented clear and convincing evidence that Dickerson's numerical error or his failure to state that Stange was not a party to the civil action was made with actual malice. Cox promptly corrected the error when it was pointed out, approximately one year after publication. Stange contends, without citation to supporting legal authority, that Cox's publication of a correction constitutes evidence of actual malice. This contention has no merit. See, e.g., OCGA § 51-5-11.

"Not only has [Stange] presented no evidence tending to controvert these averments, his own deposition testimony tends to support them . . . . Under the circumstances, even assuming [for the sake of argument] that the article contained any statements which might otherwise be considered defamatory, the trial court correctly concluded as a matter of law that the defendant had neither believed they were untrue before publishing them nor entertained serious doubts about their accuracy. It follows that the court did not err in granting the defendant's motion for summary judgment. [Cits.]" *Finkelstein v. Albany Herald Pub. Co.*, 195 Ga. App. 95, 98 (2) (392 SE2d 559) (1990).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JANUARY 26, 1994.

*J. Hue Henry*, for appellant.
*Dow, Lohnes & Albertson, Peter C. Canfield, Jeffrey C. Levy*, for appellee.