## A94A2376. GARDNER v. BOATRIGHT.
(455 SE2d 847)

RUFFIN, Judge.

Roger Boatright, mayor of Alma, Georgia, sued Max Gardner, owner and publisher, and Freddy Gardner, editor of the Alma Times-Statesman, for libel in connection with the publication of certain letters on the editorial page concerning Boatright's sister-in-law's use of credit cards issued to Boatright and suggesting Boatright's involvement in "illegal practices." We granted Max Gardner's application for interlocutory appeal of the trial court's denial of his motion for summary judgment.

Gardner contends the court erred in failing to grant his motion for summary judgment because Boatright is a public official and there is no evidence of actual malice.

"On summary judgment, a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. The nonmoving party cannot then rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" *Stange v. Cox Enterprises,* 211 Ga. App. 731, 732 (1) (440 SE2d 503) (1994). As a public official, Boatright is subject to the standard of *New York Times Co. v. Sullivan,* 376 U. S. 254 (84 SC 710, 11 LE2d 686) (1964). That is, he "must demonstrate that the statements complained of were made with 'actual malice' — that is, with knowledge that they were false or with reckless disregard for their truth or falsity. [Cits.] The 'reckless disregard' necessary to show actual malice 'is not measured by whether a reasonably prudent man would have published or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.' [Cit.] . . . The public official in a defamation action must show actual malice with 'convincing clarity.' *New York Times Co. v. Sullivan,* supra, 376 U. S. at 285-286. The requirement of clear and convincing evidence of actual malice is equally applicable in ruling upon a motion for summary judgment. [Cits.]" (Indention omitted.) *Stange,* supra at 732-733.

In support of his motion for summary judgment, Gardner submitted his own affidavit testimony that as owner of the Alma Times-Statesman, he had no prior knowledge of the letters at issue and bore no malice toward Boatright. He averred further that the letters were published in good faith and in accordance with the editorial policy of the newspaper to print signed letters. In response to such a showing, Boatright presented no clear and convincing evidence of actual malice, i.e., reckless disregard for the truth or publication of a known falsehood, on the part of the editor Freddy Gardner or the publisher Max Gardner. Contrary to Boatright's position that Freddy Gardner's revised editorial policy requiring telephone numbers on letters to the editor to facilitate verification, and his editorial comment that "Mayor Boatright has not been accused of any wrongdoing" create a triable issue, we do not find that such evidence meets the requisite clear and convincing standard. Under the " 'doctrine of respondeat superior, the employer becomes liable . . . because the employee's [conduct is] imputed to him as a matter of law. . . .' [Cit.]" *Harris v. Hanna Creative Enterprises*, 208 Ga. App. 549, 550 (430 SE2d 846) (1993). It follows that Max Gardner as owner of the newspaper is entitled to judgment as a matter of law on the derivative claim against him where Boatright has not produced clear and convincing evidence of actual malice on the part of Freddy Gardner as editor of the Alma Times-Statesman.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1995.

*Gardner, Willis, Sweat & Goldsmith, Todd S. Handelman,* for appellant.

*Jimmy J. Boatright,* for appellee.