A04A0209. COOPER-BRIDGES v. INGLE.
(601 SE2d 445)

MIKELL, Judge.
Vivian A. Cooper-Bridges, a former employee of the Sumter County Sheriff's Office (the "Department"), appeals the trial court's grant of summary judgment to Robert Ingle, the current sheriff of Sumter County, in her action for slander. Cooper-Bridges's claim

---

arises out of her assertion that Sheriff Ingle publicly disclosed that he did not hire her because she was inebriated when he met her. We affirm.

> In reviewing grants of summary judgment, this court conducts a de novo review of the law and the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

So viewed, the evidence shows that Cooper-Bridges was employed as a jailer with the Department from 1997 to 2000. On or about December 28, 2000, Cooper-Bridges was informed that her employment would be terminated at midnight on December 31, 2000, when appellee's predecessor's term as sheriff ended. Appellee Ingle, who became sheriff of Sumter County at 12:00 a.m. on January 1, 2001, had previously extended an offer to the majority of the Department's employees, including Cooper-Bridges, to continue to work under his administration. Sheriff Ingle held a swearing-in ceremony for his new employees on the evening of December 31, 2000, which Cooper-Bridges attended.

Sheriff Ingle averred that shortly before midnight, Sergeant Andy King approached him and advised him to speak with Cooper-Bridges because he thought that she was intoxicated; that he introduced himself to Cooper-Bridges and observed signs of intoxication; that he asked Chief Deputy Whitehead to escort Cooper-Bridges to his office; and that after swearing in his employees, he returned to his office and informed Cooper-Bridges that she would not be hired. Sergeant King and Chief Deputy Whitehead both averred that Cooper-Bridges appeared to be intoxicated that evening. Cooper-Bridges averred that she was not intoxicated; that Sheriff Ingle told her that he had simply decided not to hire her; and that he also told her that she could get unemployment benefits.

Cooper-Bridges applied for unemployment benefits with the Department of Labor ("DOL") on January 2, 2001. The DOL requested that Sheriff Ingle provide information regarding Cooper-Bridges's employment by January 12, 2001. Sheriff Ingle complied,

---

[1] (Punctuation and footnotes omitted.) *Stanford v. City of Manchester*, 246 Ga. App. 129 (539 SE2d 845) (2000).

completing form DOL-1199FF and returning it to the DOL on January 12, 2001. In response to questions on the form pertaining to the circumstances of the discharge, Sheriff Ingle attached a memo in which he stated:

> Ms. Bridges came to the Law Enforcement Center at midnight on 31 December 2000 along with other former employees of the Sumter County Sheriff's Office. At the time the new sheriff was preparing to swear in his new employees, Ms. Bridges was intoxicated. She was escorted aside by the Chief Deputy and following the swearing in ceremonies, Ms. Bridges was advised that she would not be employed by the new sheriff.

The DOL awarded Cooper-Bridges $274 in weekly unemployment benefits, which it charged to the Department. Sheriff Ingle appealed the DOL's decision on January 26, 2001, stating again that Cooper-Bridges was terminated because she reported to work intoxicated. Cooper-Bridges won the appeal.

On January 17, 2001, *The Sumter Free Press* reported on the unemployment applications of several former employees of the Department, including Cooper-Bridges. Regarding Cooper-Bridges, the article quoted verbatim from the memo submitted by Sheriff Ingle to DOL on January 12 regarding the reason that she was not hired. A second article was published on January 24, 2001, which stated that Cooper-Bridges requested a retraction of the January 17 article. That article also reported that Sheriff Ingle had confirmed the statement taken from the DOL records, stating, "Ms. Bridges had an extremely strong odor of alcohol upon her, . . . Chief Charlie Whitehead and I both smelled it on her, and she was terminated, end of story."

Cooper-Bridges filed this slander action. Sheriff Ingle moved for summary judgment, which the trial court granted. The motion hearing was not transcribed.

1. Cooper-Bridges enumerates as error the trial court's failure to dismiss the motion for summary judgment on the grounds that it was not filed in a reasonable and timely manner. Though Uniform Superior Court Rule 6.6 provides that motions for summary judgment shall be filed sufficiently early so as not to delay trial and that a trial should not be continued because of a late motion, "[t]he trial court has broad discretion in regulating its business and in scheduling trials."[2] There is no evidence in the record that the filing of the motion for

---

[2] (Footnote omitted.) *DeClue v. City of Clayton*, 246 Ga. App. 487, 493 (4) (540 SE2d 675) (2000).

summary judgment delayed the trial of this matter. "[W]e will not presume error from a silent record."[3] Our refusal to presume error from a silent record also applies to Cooper-Bridges's argument that the trial court failed to consider during the summary judgment hearing the objection that she filed to the motion.[4] Thus, this error fails.

2. Cooper-Bridges next argues that the trial court erred by concluding that the statement of Sheriff Ingle that was published in the January 17 article was privileged. We disagree.

"[I]t is usually conceded that there is a general rule that a qualified privilege attaches to proceedings of, and fair, impartial, and accurate news accounts of, administrative agencies of the government."[5] In her appellate brief, Cooper-Bridges concedes this point. She states that "[p]laintiff does not dispute that any statement Defendant made to the Department of Labor in a proceeding addressing Plaintiff's application for unemployment compensation would constitute a qualified privilege." Instead, she argues that Ingle spoke with a reporter from the newspaper before the reporter actually received the DOL documents.

The first sentence in the article states: "[a]ccording to documents provided by confidential sources within county government, five former employees . . . have filed for unemployment insurance." Cooper-Bridges contends that Sheriff Ingle was the "confidential source within county government" but offers no evidence in support of her argument. The record shows that the statement quoted in the January 17 article appears to have been taken directly from the documents that Sheriff Ingle submitted in response to Cooper-Bridges's application for unemployment benefits on January 12. Therefore, in the absence of evidence that Sheriff Ingle spoke with the newspaper reporter before January 12, 2001, we find that the trial court's conclusion that the statement was privileged was correct.[6]

3. Cooper-Bridges argues that the trial court erred in finding that Sheriff Ingle's statement to the paper that was printed on January 24

---

[3] (Footnote omitted.) Id.

[4] *Morton v. Gardner*, 155 Ga. App. 600, 603 (5) (a) (271 SE2d 733) (1980) (referred to herein as *"Morton II"*) (trial court's finding that plaintiff abandoned an argument was assumed supported where there was no transcript of oral argument in record).

[5] (Citations omitted.) *Morton v. Stewart*, 153 Ga. App. 636, 639 (1) (b) (266 SE2d 230) (1980) (referred to herein as *"Morton I"*). See generally *Land v. Delta Airlines*, 147 Ga. App. 738 (1) (250 SE2d 188) (1978) (decided under former Code § 54-642.1) ("Information to and from the Employment Security Agency of the Georgia Department of Labor is the subject of absolute privilege in an action for defamation. Thus even if the memorandum in question were false and malicious its contents would not be actionable.").

[6] *Auer v. Black*, 163 Ga. App. 787, 789 (294 SE2d 616) (1982) (statement made by employer in response to former employee's workers' compensation claim was privileged).

was not a publication. The trial court ruled, "Defendant's statements used in an article published January 24, 2001, . . . were merely a restatement of information the paper had already published in the article of January 17, 2001. While Defendant did make statements, there was no expanding upon the information that was previously printed." We agree with the trial court's ultimate conclusion that the statement was not actionable.

Cooper-Bridges relies on *Deal v. Builders Transport*[7] in support of her argument that a re-publication is a separate cause of action. However, *Deal* holds that "[e]ach publication of a libel by *different persons* constitutes a separate and distinct wrong to the aggrieved party."[8] In each instance here, Sheriff Ingle was the maker of each of the alleged slanderous statements. However, even if we found that the statement supported a separate cause of action, the grant of summary judgment to Ingle would still be appropriate due to Cooper-Bridges's inability to prove malice, as discussed in detail in Division 4.

4. Finally, Cooper-Bridges argues that the trial court erred by granting Sheriff Ingle's motion for summary judgment because his statements were false, as evidenced by his failure to require her to submit to a blood alcohol test. Again, we disagree.

"To make the defense of privilege complete, in an action of slander or libel, good faith, an interest to be upheld, a statement properly limited in its scope, a proper occasion, and publication to proper persons must all appear."[9] The evidence submitted by Sheriff Ingle showed that his statements were made with a good faith intent to protect his interest as the head of the Department in its payment of unemployment benefits to Cooper-Bridges. Sheriff Ingle specifically averred that he acted in good faith and with no malice towards Cooper-Bridges, whom he had never met and knew nothing about prior to the evening of the swearing-in ceremony.[10]

Proof that the defendant acted with actual malice in making the statement, however, defeats the defense of privilege.[11] To prove actual malice, Cooper-Bridges must show that Sheriff Ingle knew that the statements were false or published with reckless disregard of whether they were false or not,[12] and she has not done so. "Conclusory

[7] 192 Ga. App. 511 (385 SE2d 293) (1989).

[8] (Citations and punctuation omitted; emphasis supplied.) Id. at 512.

[9] (Citation and punctuation omitted.) *Sparks v. Parks*, 172 Ga. App. 823, 826 (1) (324 SE2d 784) (1984).

[10] See *Gardner v. Boatright*, 216 Ga. App. 755, 756 (455 SE2d 847) (1995) (affidavit testimony in slander action that letters at issue were published in good faith and without malice was sufficient to support summary judgment where there was no evidence of actual malice presented).

[11] OCGA § 51-5-9; *Kurtz v. Williams*, 188 Ga. App. 14, 16 (3) (371 SE2d 878) (1988).

[12] *Morton II*, supra at 605 (6) (a).

allegations by the plaintiff of . . . malice . . . are insufficient in the absence of substantiating fact or circumstances, to raise a material issue for trial."[13] "Malice to avoid qualified privilege must be actual and with evil intent."[14] Therefore, the implication that Sheriff Ingle's statements were malicious solely because he did not confirm Cooper-Bridges's intoxication by performing some type of sobriety test is unavailing. Sheriff Ingle, Chief Deputy Whitehead, and Sergeant King all averred that based upon their law enforcement training and experience in recognizing signs of intoxication, Cooper-Bridges was under the influence of alcohol. The statements of several individuals that Cooper-Bridges submitted in response to the motion for summary judgment were not admissible as they did not comport with the requirements for opposing affidavits on summary judgment.[15] Further, even if admitted, the statements do not prove that Sheriff Ingle acted with malice. Therefore, absent the introduction of evidence by Cooper-Bridges showing that Sheriff Ingle acted maliciously, summary judgment was justified.[16]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 24, 2004.

*Carol L. Stokes*, for appellant.
*Hall, Booth, Smith & Slover, Phillip E. Friduss, Kenneth D. Jones*, for appellee.

---

[13] (Punctuation omitted.) *Morton I*, supra at 643 (2) (b).
[14] (Citation omitted.) *Land*, supra at 739 (7).
[15] OCGA § 9-11-56 (e).
[16] *Morton I*, supra at 643 (2) (b).